**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

**<u>Jerry Anderson</u>**

    v.                                Case No. 1:26-cv-400-PB-TSM
                                               Opinion No. 2026 DNH 105

**<u>Atrium Medical Corp., et al.</u>**

**<u>ORDER</u>**

Jerry Anderson, a California resident, commenced this action by filing a complaint in state court. He asserts state law claims against Atrium Medical Corporation, a citizen of New Hampshire and Delaware, Maquet Cardiovascular US Sales, LLC, whose sole member is a citizen of New Jersey and Delaware, and Getinge AB, a Swedish company. <u>See</u> Doc. 1; Doc. 3; Doc. 8. Maquet removed the case to this court before Atrium was served. Doc. 1. Everyone agrees that the court has diversity jurisdiction. The sole issue presented by Anderson's motion to remand is whether the case was removed in violation of the forum-defendant rule, which is codified at 28 U.S.C. § 1441(b)(2).

Section 1441(b)(2) provides that:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2). Anderson argues that the case was improperly removed because Atrium is a citizen of New Hampshire. Atrium and Maquet contend that the forum-defendant rule does not bar removal because Maquet removed the case before Atrium was served. In other words, because Atrium had not been "properly joined and served" when the case was moved, the forum-defendant rule cannot be used to prevent removal.

Although the First Circuit has yet to address this issue, three circuit courts have held that the forum-defendant rule does not prevent removal if the case is removed before any forum defendant has been served. See Tex. Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc., 955 F.3d 482, 486-87 (5th Cir. 2020); Gibbons v. Bristol-Myers Squibb Co., 919 F.3d 699, 706-07 (2nd Cir. 2019); Encompass Ins. Co. v. Stone Mansion Rest. Inc., 902 F.3d 147, 152-54 (3rd Cir. 2018).

Anderson bases his argument for a different reading of § 1441(b)(2) on the legislative purpose that he claims the "properly joined and served" language was intended to achieve. He begins by noting that the original version of the forum defendant provision did not include the phrase "properly joined and served." He then asserts that when the phrase was added to provision in 1948, "[t]he legislative history reflects that Congress intended only to strengthen existing safeguards against improper joinder, not to create a procedural mechanism by which forum defendants could evade the

limitations imposed by § 1442(b)(2)." Doc. 14-1 at 6. Building on this argument, he then contends that the court should reject a literal reading of the rule because it would absurdly allow defendants to defeat removal simply by rushing to file removal documents before the plaintiff can complete service on a forum defendant.

Like the three circuit courts that have addressed this issue, I am unpersuaded by Anderson's argument. Section 1441(b)(2) plainly applies only in cases where the forum defendant has been "properly joined and served" prior to removal. And as the Second Circuit has observed, this reading of the forum-defendant rule is also rational because "Congress may well have adopted the 'properly joined and served rule' requirement in an attempt to both limit gamesmanship and provide a bright-line rule keyed on service, which is clearly more easily administered than a fact-specific inquiry into a plaintiff's intent or opportunity to actually serve a home-state defendant." Gibbons, 919 F.3d at 706. Because § 1441(b)(2) employs plain language and achieves rational ends, the court has no power to revise it simply to close "statutory loopholes." Sagebrush Health Servs. v. Amgen Inc., 2026 WL 1030817, at *3 (C.D.Cal. Apr. 15, 2026).

3

4

Anderson's motion to remand (doc. 14) is denied.

SO ORDERED.

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

August 10, 2026

cc:   Counsel of Record